UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY D. JONES,

        Petitioner,

v.                                                          CASE NO. 13-13441
                                                            HONORABLE GERALD E. ROSEN
KENNETH McKEE,

        Respondent.

_____/

## <u>OPINION AND ORDER</u><br>(1) <u>GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSAL OF THE PETITION FOR WRIT OF HABEAS CORPUS</u> (dkt. #8)**,**<br>(2) <u>DENYING PETITIONER'S MOTION<br>FOR IMMEDIATE RELEASE FROM CUSTODY</u> (dkt. #10),<br>(3) <u>DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, BUT</u><br>(4) <u>GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL</u>

Petitioner Anthony D. Jones has filed a *pro se* habeas corpus petition challenging his state convictions for second-degree murder, assault with a dangerous weapon (felonious assault), and possession of a firearm during the commission of a felony (felony firearm). Respondent Kenneth McKee argues in a motion for summary judgment and dismissal of the habeas petition that the habeas petition is barred by the statute of limitations. Petitioner argues in a motion for immediate release from custody that Respondent failed to file a timely response to his petition. Petitioner is mistaken about the timeliness of Respondent's motion, and Respondent has correctly concluded that the habeas petition is time-barred. Accordingly, Respondent's motion is granted, Petitioner's motion is denied, and the habeas petition is dismissed with prejudice. A procedural history and analysis follow.

## I. PROCEDURAL BACKGROUND

Petitioner was charged in Genesee County, Michigan with open murder, assault with intent to commit murder, and felony firearm.  He was tried before a jury in Genesee County Circuit Court, and on March 9, 2007, the jury found him guilty of murder in the second degree, Mich. Comp. Laws § 750.317, felonious assault, Mich. Comp. Laws § 750.82, and felony firearm, Mich. Comp. Laws § 750.227b.  The trial court sentenced Petitioner to two years in prison for the felony firearm conviction, followed by concurrent terms of thirty to seventy-five years for the murder conviction and  sixteen to forty-eight months (one year, four months to four years) for the felonious assault conviction.

Petitioner appealed as of right, and on October 23, 2008, the Michigan Court of Appeals affirmed his convictions in an unpublished, *per curiam* opinion.  *See People v. Jones*, No. 277854, 2008 WL 4684066 (Mich. Ct. App. Oct. 23, 2008).  On April 28, 2009, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues.  *See People v. Jones*, 483 Mich. 978; 764 N.W.2d 260 (2009).  The state supreme court denied reconsideration on August 6, 2009.  *See People v. Jones*, 484 Mich. 873; 769 N.W.2d 903 (2009).  Petitioner did not file a petition for the writ of certiorari in the United States Supreme Court, and the deadline for doing so expired on November 4, 2009.

Petitioner subsequently pursued state collateral remedies.  On August 2, 2011, he filed a motion for relief from judgment, which the trial court denied on September 1, 2011.  Petitioner appealed the trial court's decision, but the Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief.  *See People v. Jones*, No. 308515 (Mich. Ct. App. Oct. 4, 2012).  On April 29, 2013, the Michigan Supreme Court denied leave to appeal for the same reason, *see People v. Jones*, 493 Mich. 967; 829 N.W.2d 234 (2013), and on June 25, 2013, the state

supreme court denied Petitioner's motion for reconsideration. *See People v. Jones*, 494 Mich. 873; 832 N.W.2d 216 (2013).

On August 5, 2013, Petitioner signed and dated his habeas corpus petition.[1] He argues that: (1) the trial court lacked subject matter jurisdiction because the judge, prosecutor, and magistrate did not endorse every page of the felony complaint; (2) the trial court abused its discretion by closing the courtroom during *voir dire*; (3) the trial court violated his Sixth Amendment right to a speedy trial by commencing his trial over a year after his arrest; and (4) his trial and appellate attorneys were ineffective. As noted above, Respondent argues that Petitioner failed to comply with the statute of limitations.

## II.  ANALYSIS

### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitation for state prisoners to file a federal habeas corpus petition. *Wall v. Kholi*, __ U.S. __, __, 131 S. Ct. 1278, 1283 (2011) (citing 28 U.S.C. § 2244(d)(1)). The period of limitation runs from the latest of the following four dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State

---

[1]  Although the Clerk of the Court received and filed the petition on August 12, 2013, Petitioner signed and dated his petition on August 5, 2013. "Under the prison mailbox rule, a *habeas* petition is considered filed when the prisoner provides the petition to prison officials for filing," *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir.), *cert. denied sub nom Keeling v. Brunsman*, __ U.S. __, 133 S. Ct. 141 (2012), and the petition is presumed to be handed to prison officials for filing with the Court on the day that the petitioner signed and dated the petition under penalty of perjury. *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). The Court therefore deems Petitioner's habeas petition filed on August 5, 2013.

3

action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The limitations period is tolled "during the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.' " *Wall v. Kholi*, 131 S. Ct. at 1283 (quoting 28 U.S.C. § 2244(d)(2)).

Petitioner is not relying on a newly recognized constitutional right or on newly discovered facts, and he has not alleged that the State created an impediment to filing a timely habeas petition. *Cf.* 28 U.S.C. §§ 2244(d)(1)(B-D).  Consequently, the statute of limitations began to run when Petitioner's convictions "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  "Direct review" concludes for purposes of subsection 2244(d)(1)(A) when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted.  *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

A petition for writ of certiorari to review a judgment entered by a state's highest court must be filed in the United States Supreme Court within ninety days after entry of the state court judgment.  Sup. Ct. R. 13.1.  For inmates like Petitioner who did not pursue direct review to the United States Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review' – when the time for pursuing direct review in [the Supreme] Court, or in state court, expires."  *Gonzalez v. Thaler*, __ U.S. __, __, 132 S. Ct. 641, 653-54 (2012).

4

Petitioner's convictions became final on November 4, 2009, ninety days after the Michigan Supreme Court denied reconsideration on direct review.  The one-year period of limitations began to run on the following day, *Miller v. Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002), and, because there were no post-conviction motions pending in state court at the time, the limitations period expired one year later on November 4, 2010.  Petitioner filed his habeas petition more than two and a half years later on August 5, 2013.

Although the limitations period is tolled while a properly filed post-conviction motion is pending in state court, 28 U.S.C. § 2244(d)(2), the statute of limitations expired in this case on November 4, 2010, nine months before Petitioner filed his motion for relief from judgment in the state trial court.  Because filing the motion did not revive the limitations period or re-start the clock at zero, *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)), it did not affect the statute of limitations, *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002).  In other words, the tolling provision of § 2244(d)(2) "can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Khulmann*, 991 F. Supp. at 259.  Petitioner's habeas petition, therefore, is time-barred, absent equitable tolling or a showing of actual innocence.

**B.  Equitable Tolling**

The habeas statute of limitations is not a strict jurisdictional rule; instead, it "is subject to equitable tolling in appropriate cases."  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  But "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely

5

filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (adopting *Holland's* two-part test for determining whether a habeas petitioner is entitled to equitable tolling), *cert. denied sub nom Hall v. Brunsman*, __ U. S. __, 133 S. Ct. 187 (2012).

Petitioner was not diligent in pursuing his rights, and he has not alleged that any extraordinary circumstances stood in his way of filing a timely habeas petition. Therefore, he is not entitled to equitable tolling of the limitations period.

## C. Actual Innocence

The Supreme Court held last year that actual innocence, if proved, serves as a gateway through which a habeas petitioner may pass when the impediment to consideration of the merits of his constitutional claims is the expiration of the statute of limitations. *See McQuiggin v. Perkins*, __ U.S. __, __, 133 S. Ct. 1924, 1928 (2013). But, for a claim of actual innocence to be credible, a petitioner must "support his allegations of constitutional errors with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin v. Perkins*, 133 S. Ct. at 1928 (quoting *Schlup v. Delo*, 513 U.S. at 329).

Petitioner is not claiming to be actually innocent of the crimes for which he was convicted, and he has not submitted any new and reliable evidence of actual innocence. Therefore, AEDPA's time limitations apply here. *Id*. at 1933.

6

### III.  CONCLUSION

Petitioner filed his habeas petition more than one year after his convictions became final, and neither statutory tolling under 28 U.S.C. § 2244(d)(2), nor equitable tolling of the limitations period, apply here.  Petitioner also is not entitled to pass through the "actual innocence" gateway for consideration of his claims on the merits.  Accordingly,

IT IS ORDERED that Respondent's Motion for Summary Judgment and Dismissal of the Petition for Writ of Habeas Corpus (dkt. #8) is GRANTED and the habeas petition is DISMISSED with prejudice.

IT IS FURTHER ORDERED that Petitioner's Motion for Immediate Release from Custody (dkt. #10) is DENIED.  Although Petitioner claims in his motion that Respondent did not file a timely responsive pleading, Respondent filed his motion on February 14, 2014, which was three days earlier than the deadline given in the Order Requiring Responsive Pleading (dkt. #4).

IT IS FURTHER ORDERED that a certificate of appealability is DENIED, because reasonable jurists would not find the Court's procedural ruling incorrect.  Nor would reasonable jurists find it debatable whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Nevertheless,

IT IS ORDERED that Petitioner may proceed *in forma pauperis* on appeal without further authorization because he was granted leave to proceed *in forma pauperis* in this Court, and an appeal could be taken in good faith.  Fed. R. App. P. 24(a)(3)(A).

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  April 10, 2014

7

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 10, 2014, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135